**NATIONAL WHISTLEBLOWER CENTER, Petitioner,**

v.

**NUCLEAR REGULATORY COMMISSION and United States of America, Respondents.**

**Baltimore Gas and Electric Company, Intervenor.**

**Nos. 99–1002, 99–1043.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 22, 1999.

Before: EDWARDS, Chief Judge, and WILLIAMS, Circuit Judge.

A concurring statement of Chief Judge HARRY T. EDWARDS is attached.

***ORDER***

PER CURIAM:

It is **ORDERED**, by the Court, on its own motion, that the majority opinion and the judgment filed herein on November 12, 1999, be, and the same hereby are, vacated.

A future order will schedule further briefing and rehearing after a member of the Court is randomly selected to replace former Circuit Judge WALD as the third member of the panel.

HARRY T. EDWARDS, Chief Judge, concurring:

I concur in the Order vacating the opinion and judgment issued on November 12, 1999, because, in retrospect, I fear that the original (now vacated) majority opinion fails to address some critical issues in this case. These issues were not the focus of the arguments during the first hearing before the court, so it is unsurprising that they were lost in our haste to issue an opinion before our colleague, Judge Wald, departed from the court. However, in my view, the issues are too important to ignore once uncovered; thus, I feel that this case must be reheard.

The now vacated majority opinion is founded on the view that petitioners were prejudiced by the Commission's abrogation of a *substantive* rule. After considering this matter further, I find that there is

good reason to believe that we were mistaken in assuming that the Commission acted pursuant to a *substantive,* as opposed to a *procedural,* rule.

On August 5, 1998, the Commission published a statement of *Policy on Conduct of Adjudicatory Proceedings ("Policy")* in which it stated that licensing boards should grant extensions of time "only when warranted by unavoidable and extreme circumstances." 63 Fed.Reg. 41,872, 41,874 (Aug. 5, 1998). The Commission subsequently invoked this new rule in an order referring a petition filed by the National Whistleblower Center ("Center") to the Atomic Safety and Licensing Board, stating that extensions of time should only be granted if the petitioner can demonstrate "unavoidable and extreme circumstances." Order Referring Petition for Intervention and Request for Hearing to Atomic Safety and Licensing Board Panel, CLI 98–14, *reprinted in* Joint Appendix ("J.A.") 23, 28 (Aug. 19, 1998).

There can be no doubt that the Commission's August 5, 1998, *Policy* adopted a new standard to govern requests for extensions of time in proceedings of the sort here at issue. It also seems clear that the new standard was intended to modify the standards previously enunciated in 10 C.F.R. § 2.711(a) and § 2.714(b)(1). And it is undisputed that the Center had notice of the new standard for granting extensions of time. The Center additionally understood the thrust of the *Policy,* for they objected to the new standard on the ground that it was contrary to the "good cause" standard contained in 10 C.F.R. § 2.711(a). *See Memorandum and Order,* CLI 98–15 (Aug. 26, 1998) *reprinted in* J.A. 60 (characterizing the Center's objections to the new standard as articulated in the Commission's Aug. 19, 1998 referral order).

Given that the Commission adopted a new standard to be applied in cases of this sort and that the Center had notice of the new standard before the advent of the procedures here in dispute, it matters a great deal whether the standard is viewed as a new "substantive" or "procedural" rule. If, as appears to be the case, the new standard is a *procedural* rule, then it is exempt from the requirements of notice and comment under the Administrative Procedure Act, 5 U.S.C. § 553(b)(A). *See JEM Broad. Co. v. FEC,* 22 F.3d 320 (D.C.Cir.1994).

It is no answer to say that the Commission was wrong to construe "good cause" as "unavoidable and extreme circumstances." If this is a procedural rule, and if it does not transcend the bounds of due process or violate some clear statutory mandate, then the Commission is entitled to define "good cause" as it sees fit. *See Vermont Yankee Nuclear Power Corp. v. NRDC,* 435 U.S. 519, 98 S.Ct. 1197, 55 L.Ed.2d 460 (1978). Given that latitude, it would be an oxymoron to say that "unavoidable and extreme circumstances" is outside the realm of acceptable understandings of "good cause."

These issues were not properly aired during the first round of briefs and arguments before this court. We would be remiss, I think, to issue the mandate in this case without considering the questions that are now apparent. I do not believe that the Commission has waived the right to argue the procedural/substantive issue, because the agency could not have reasonably anticipated the position reached in the first majority opinion. In short, the case must be reheard, with a proper focus on the issues at hand.